996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vicente L. ARCEGA, Plaintiff-Appellant,
v.
TAYLOR ENTERPRISES; Yuvetta Robinson; Joe Brumfield;
Pasadena Housing Authority; City of Pasadena;
Municipal Court of Pasadena, Defendants-Appellees.
 No. 92-56208.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vicente L. Arcega appeals pro se the district court's summary judgment in favor of defendants in Arcega's action alleging that defendants wrongfully denied him federal housing aid. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 In both his brief on appeal and his pleadings below, Arcega sets forth numerous allegations regarding the wrongfulness of defendants' actions. These allegations can be grouped into two main categories: (1) that defendants exceeded their authority under applicable federal statutes and regulations; and (2) that defendants lied regarding a waiting list for federal Section 8 housing benefits.
 
 
 5
 Arcega's argument that defendants acted in excess of their statutory and regulatory authority is largely based on his belief that defendants violated the "guidelines" set forth in a document he calls the "HUD booklet". A review of the HUD booklet reveals, however, that these guidelines are applicable to the federal Department of Housing and Urban Development ("HUD").[1] In fact, the HUD booklet clearly contemplates that actions such as processing applications for Section 8 benefits will be performed by entities such as defendant Pasadena Housing Authority ("PHA"). Accordingly, because the guidelines in the HUD booklet do not limit the authority of defendants, the booklet does not serve to raise any genuine issues of material fact as to whether the defendants exceeded their authority.
 
 
 6
 The record also indicates that there is no genuine issue of material fact as to whether defendant Robinson exceeded her authority by promulgating additional "regulations" or whether these regulations violate federal law. The record contains a copy of PHA's Administrative Plan that sets forth the alleged new regulations of which Arcega complains. The Plan was in effect in 1987, before Arcega applied for benefits and before Robinson and defendant Brumfield allegedly changed the "standard operating procedure" for processing applications. The Plan was submitted to and approved by HUD.
 
 
 7
 There is no evidence to support Arcega's allegations that Robinson promulgated these regulations or that Robinson has been acting independently of either PHA or HUD. Moreover, Arcega cites to no federal statute or regulation that prohibits PHA from setting up an enrollment period or waiting list for benefits. Therefore, no genuine issue of material fact exists on these issues.
 
 
 8
 Arcega also contends the defendants wrongfully denied his application for Section 8 housing aid because an application can be denied only for the reasons set forth in 42 C.F.R. § 882.210. The record shows, however, that defendants did not deny Arcega housing aid on the ground he was ineligible for benefits. In fact, defendants have never decided whether Arcega was eligible or not. Rather, defendants merely informed Arcega that he could apply for benefits only during an open enrollment season.
 
 
 9
 Arcega also contends that Robinson and Brumfield made false statements in their affidavits that PHA had a waiting list of approximately 500 families for Section 8 benefits. Arcega argues that only 20 of these families received benefits and the other 480 applications have expired. The record contains a copy of the 1990 waiting list of families who applied for Section 8 benefits through PHA. Even if the 1990 list showed a large number of expired applications, Arcega has not shown that those applications were expired at the time he applied for benefits. Accordingly, Arcega failed to show there is a genuine issue of material fact on this issue.
 
 
 10
 Because no genuine issue of material fact exists on the relevant issues, the district court did not err by granting summary judgment in favor of defendants. See Alaska Airlines, Inc., 948 F.2d at 539.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We refer to the statements in the HUD booklet as "guidelines" only for purposes of addressing Arcega's arguments. We express no opinion on whether the HUD booklet actually constitutes a binding limitation on the authority of HUD